# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT BARCELON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LANDFORCE CORP., et al.,<br><br>　　　　　　Defendants. | Case No. 2:18-cv-01493-GMN-DJA<br><br>**ORDER** |

This matter is before the Court on Defendants Albert Leon Harris and Landforce Corporation's Motion to Compel (ECF No. 46) or in the alternative, Motion to Strike (ECF No. 47), filed on December 23, 2019. Plaintiff timely filed Responses (ECF Nos. 55-56) on January 21, 2020. Defendants filed their Replies (ECF Nos. 58-59) on January 24, 2020. The Court finds this matter properly resolved without a hearing. See Local Rule 78-1.

**I.　　BACKGROUND**

Defendants seek to compel supplemental responses to its Requests for Production Nos. 3-5, which seek information regarding Plaintiff's earnings, which were served on July 2, 2019. (ECF No. 46). They claim responses were timely received on September 27, 2019, which indicated Plaintiff had no responsive documents in his possession and indicated relevant authorizations would be forthcoming. Further, Defendants assert that Plaintiff left his computation of damages for lost earnings incomplete by stating to be determined. Then, Plaintiff disclosed a vocational expert, Chris Reyes, on the expert disclosure deadline, November 27, 2019 who opined that Plaintiff has a lost earning capacity between $284,573 to $498,674. Defendants assert they received the expert disclosure on December 4, 2019 and held a meet and confer regarding Plaintiff's supplemental documents on December 13, 2019. The parties agreed that Plaintiff could produce the documents by December 20, 2019, but they were not produced by that

date, which impeded Defendants' rebuttal experts from producing a report by the December 30, 2019 rebuttal expert disclosure deadline. Accordingly, Defendants request compelling supplemental responses and an award of fees in having to bring the motion or alternatively, striking Plaintiff's expert. (ECF No. 47).

Plaintiff responds that he has been unable to work since the collision at issue in this case and his claims regarding loss of earning capacity are well known to Defendants. (ECF No. 55). In fact, he indicates that he responded to Interrogatories Nos. 19-20 and Requests for Production Nos. 3-5 well in advance of the expert disclosure deadline. After Plaintiff disclosed a vocational and economic expert on the issues of loss of earning capacity, he engaged in a meet and confer regarding Defendants' request to supplement his responses to the RFP Nos. 3-5. Plaintiff prepared his 2009-2018 tax returns to disclose to Defendants on December 20, 2019, but they did not get served due to the early holiday closure of Plaintiff's counsel's office. After the instant Motions were filed on December 23, 2019, Plaintiff served the responsive documents. As a result, Plaintiff indicates that there are no further documents to compel and the sanction of striking his expert is not warranted. (ECF No. 56).

Defendants reply that they met and conferred with Plaintiff on December 16, 2019 and agreed to give Plaintiff until December 20, 2019 to produce documents regarding his loss of earning capacity. (ECF No. 58). They indicate that the documents were received after the instant motions were filed, but that Plaintiff's computation of damages on the topic of lost wages references an amount to be determined. As such, Defendants maintain that Plaintiff's late and incomplete response is not justified or harmless as it was not produced prior to the expert disclosure deadline. To the extent that the Court will not strike Plaintiff's expert, Defendants request supplementation of Plaintiff's employment records or authorization to obtain them. Defendants highlight deposition testimony from Plaintiff that indicates it is unclear if he returned to work in 2016-2017. (ECF No. 59).

/ / /

/ / /

## II. DISCUSSION

### a. Motion to Compel

Rule 34 requires a party upon whom document requests are served to respond in writing within 30 days after being served with the requests. The "failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *see also Haddad v. Interstate Management Co., LLC*, 2012 WL 398764, * 1 (D. Nev. 2012) (same).

As for the timing of Plaintiff's production of his supplemental documents, including his 2009-2018 tax returns, it is apparent from the briefing that counsel for both parties were actively engaged in meet and confer efforts regarding Plaintiff's responses to Defendants' RFP Nos. 3-5. The parties agreed on a deadline of December 20, 2019 for Plaintiff to serve his supplemental responses, which Plaintiff missed. Significantly, Plaintiff provided an explanation of missing that deadline due to the early holiday closure of his office and did indeed serve his supplemental responses a mere three days later, on December 23, 2019. Notably, the responses were served after the instant motions were filed, which does not excuse Plaintiff's late responses. Further, Plaintiff's counsel had an obligation to meet that deadline after the parties' substantial meet and confer efforts and should have ensured the disclosure was served prior to the early holiday closure of his office. As such, the Court does not find it was substantially justified.

However, the three delay was harmless. The parties had already agreed on December 20, 2019 as the deadline and presumably, Defendants would not have moved to compel if Plaintiff had met that deadline. So, Defendants' argument that the delay of three days was not harmless because there was insufficient time to prepare a rebuttal expert report is disingenuous. In fact, the Court notes that the parties have not refrained from stipulating to extensions of the discovery deadlines in this case – including the rebuttal expert deadline. Notably, the Court granted a fifth extension of the discovery deadlines in its Order ECF No. 49 entered on January 6, 2020, which reset the rebuttal expert deadline to February 13, 2020. Defendants fail to set forth any reason why that extension of the December 30, 2019 rebuttal expert deadline until February 13, 2020

was insufficient. As such, the Court finds that Plaintiff's untimely disclosure of supplemental responses to RFP Nos. 3-5 is harmless.

As to whether the responses were adequate, Defendants' argument is rather weak. They assert that they need additional information to determine whether Plaintiff actually returned to work in 2016 or 2017 after the accident at issue based on his deposition testimony. However, Plaintiff represents that he disclosed his 2009-2018 tax returns to Defendants on December 23, 2019 and he has no other responsive documents in his possession. Nevertheless, Defendants' reply briefing does not reference whether there was an income disclosed in 2016-2017 on the tax returns that would resolve their question. Given that Plaintiff also agreed to provide an authorization responsive to Defendants' lost earnings requests, the Court will order Plaintiff to either (1) produce documentation of wages from his employer for the time period of 2016-2017 or (2) produce a signed authorization for Defendants to obtain earnings documentation from his employer for the time period of 2016-2017 via a Rule 45 subpoena. In that respect only, the Court will grant Defendants' Motion to Compel.

### b. Motion to Strike

Defendants alternatively moved for a Rule 37 exclusionary sanction to preclude Plaintiff from utilizing his vocational/economic expert, Chris Reyes, at trial. The Court finds that Plaintiff's indication that the damages are "to be determined" for the lost wages section of the Rule 26 computation of damages is clearly insufficient. Courts have found exclusion appropriate when plaintiffs fail to disclose computations of easily quantifiable damages, such as lost wages, and instead attempt to rely only on expert testimony at trial. *See, e.g., Olaya v. Wal-Mart Stores, Inc.*, 2012 WL 3262875, at *2 (D. Nev. Aug. 7, 2012) (holding that "future expert analysis does not relieve [a plaintiff] of the obligation to provide information reasonably available.").

However, Plaintiff's deficient initial disclosures do not warrant excluding Plaintiff's expert at this point in the case. Plaintiff has clearly provided a supplement for his lost wages claim that consists of his 2009-2018 tax returns prior to the discovery cutoff deadline of March 16, 2020. Therefore, this is not a case where Plaintiff's calculation of lost wages damages is completely unknown prior to the close of discovery. The Court does not endorse "gotcha"

litigation that would not promote Plaintiff's ability to prosecute this case on the merits, which is what Defendants' seek through the severe sanction of striking Plaintiff's expert. As such, the Court finds that Plaintiff's deficient lost wages calculation disclosure is harmless and orders Plaintiff to provide a sufficient supplement, to the extent one has not already been provided under Rule 26(e), within 10 days of this Order. If Plaintiff's lost wages damages disclosure continues to be deficient after the time period for compliance with this Order has passed, then nothing prevents Defendants from renewing their request for sanctions.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion to Compel (ECF No. 46) is **granted in part and denied in part** as outlined above.

IT IS FURTHER ORDERED that Defendants' Motion to Strike (ECF No. 47) is **denied**.

DATED: April 14, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE