**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ROBERT BARCELON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LANDFORCE CORP., et al.,<br><br>　　　　　Defendants. | Case No. 2:18-cv-01493-GMN-DJA<br><br>**ORDER** |

This matter is before the Court on Defendants Albert Leon Harris and Landforce Corporation's Amended Motion to Extend Time (ECF No. 68) and Amended Motion to Compel (ECF No. 69), filed on April 16, 2020. Plaintiff filed a Response (ECF No. 79) on May 12, 2020. Defendants filed their Reply (ECF No. 83) on May 22, 2020. This matter is also before the Court on Defendants' Motion to Extend Time (ECF No. 70) and Motion to Compel (ECF No. 71), filed on April 16, 2020. Plaintiff filed a Response (ECF No. 80) on May 12, 2020. Defendants filed their Reply (ECF No. 84) on May 22, 2020. The Court finds these matters properly resolved without a hearing. See Local Rule 78-1.

**I.　　BACKGROUND**

Defendants seek to enforce subpoenas served on custodian of records for four categories of records due to Plaintiff's failure to provide signed authorizations: medical providers treatment records, social security disability records, three years of prior employment records, and veterans affairs medical records, which were requested as part of the July 2, 2019 Request for Production of Documents. (ECF No. 69). They concede that Plaintiff has provided some authorizations for certain providers, but none that cover medical care for the five years prior to the loss at issue in this case. Defendants clarify that they do not seek to compel Plaintiff to execute authorizations as they have already issued the subpoenas to the custodians of records. They also seek to extend

1  time for discovery, through reopening the discovery period, until June 5, 2020 to permit them to
2  complete the depositions of Steinberg Diagnostics and Dr. Tim Kelly in addition receiving the
3  requested documents set forth above.  (ECF No. 68).  Finally, Defendants indicate that they met
4  and conferred with Plaintiff on April 8 and April 28, 2020, but no resolution could be reached on
5  any of the above issues.

6  Further, Defendants filed a second motion to compel regarding depositions that Plaintiff
7  does not agree can go forward: three percipient witnesses – Barbara Barcelon, Heather Barcelon,
8  and Shelley Dempsey – and two expert witnesses - Dr. Thomas Dunn and Peter Himpsel.  (ECF
9  No. 71).  Defendants concede that they did not properly notice the depositions of Heather
10 Barcelon and Barbara Barcelon, but claim that an agreement was reached with Plaintiff to permit
11 those depositions to go forward and extend discovery to do so.  (ECF No. 71, p. 3).  They seek to
12 reopen discovery until June 5, 2020.  (ECF No. 70).

13 Plaintiff responds that discovery closed on March 16, 2020.  (ECF No. 79).  He confirms
14 that the deposition subpoenas of Barbara Barcelon and Heather Barcelon were not properly
15 served.  In addition, Plaintiff contends that he was not properly served with notice of the
16 deposition of his former employer, Desert Funding, LLC or Security National Mortgage.  He does
17 not claim any deficiencies with service of the deposition subpoenas of Plaintiff's experts Thomas
18 Dunn, M.D. or Peter Himpsel along with the passenger Shelley Dempsey, but argues that the
19 depositions of George Timothy Kelley and Steinberg Diagnostic were noticed for after the close
20 of discovery.  As a result, Plaintiff opposes extending discovery to complete these depositions as
21 he argues the excusable neglect standard has not been met.

22 As for the records requested, Plaintiff contends that authorizations were provided to
23 Defendant on June 21, 2019 and no further authorizations were requested by Defendant.  Plaintiff
24 also argues that he has provided IRS income information from 2009 to 2018 and income
25 information specific to the August 30, 2016 to December 24, 2019 period when he worked for
26 Security National Mortgage so that portion of Defendant's request should be denied.  He also
27 argues that the Desert Funding subpoena should not be enforced as it was overly broad as to time
28

of employment and employment files requested and notice was not submitted to Plaintiff. Plaintiff contends that VA records and SSA records are not relevant to this case.

Plaintiff also responds that he has agreed to permit the three depositions of the passengers – Heather Barcelon, Barbara Barcelon, and Shelly Dempsey – to move forward and be conducted remotely in light of the current pandemic conditions. (ECF No. 80). He still opposes Defendants taking the depositions of his two experts, in two different states, as untimely and unreasonable due to expense.

Defendants reply that they believe they properly provided notice of the Security National Mortgage and Desert Funding subpoenas to Plaintiff. (ECF No. 83). They also argue Plaintiff lacks standing to object to the other third-party subpoenas and request that the Court reject his objections and issue an order to enforce the subpoenas. Further, Defendants claim they have demonstrated excusable neglect as they have been diligently working to obtain all of the records despite no responses from the third-parties.

Defendants also reply that they have reached an agreement on the percipient witness depositions, which are set for June 4th and 8th and seek to extend discovery to permit those depositions to proceed. (ECF No. 84). They also underscore that Plaintiff never moved for a protective order with respect to the two expert depositions and they have proposed remote depositions to accommodate costs issues.

**II.    DISCUSSION**

    **a.  Motion to Compel/Extend Time (ECF Nos. 68-69)**

Preliminarily, the Court notes that Defendants have not moved for the correct form of relief. They filed their motion as a motion to compel despite acknowledging that they are not seeking to compel authorizations that Plaintiff indicated he would provide in response to their RFPs. Instead, they are actually seeking to enforce Rule 45 subpoenas against third parties. Fed.R.Civ.Pro. 45 governs the issuance of a subpoena on a nonparty. Rule 45 subpoenas are discovery devices and must be utilized within the time period permitted for discovery. The fact that performance or compliance with the subpoena does not occur until after the discovery cut-off date, however, does not render the subpoena untimely. *Nicholson v. City of Los Angeles*, 2017

WL 10575213, at *2 (C.D.Cal. Jan. 4, 2017) (citing *Liu v. Win Woo Trading*, LLC, 2016 WL 661029, at *2 (N.D.Cal. Feb. 18, 2016); and *InternMatch, Inc. v. Nxtbigthing, LLC*, 2016 121626, at *2 (N.D.Cal. March 28, 2016)).

  Further, Plaintiff has not moved for a protective order in opposition to the subpoenas and it is not clear that he has standing to object to all of them.  "[A] party lacks standing under Fed. R. Civ. P. 45[(d)(3)(A)] to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *G.K. Las Vegas Ltd. Partnership v. Simon Property Group, Inc*., 2007 WL 119148 at* 4 (D. Nev. Jan. 9, 2007); *compare In re Rhodes Companies, LLC*, 475 B.R. 733, 740 (D. Nev. Apr. 30, 2012) (declining to adopt the "personal right or privilege" standing rule for motion to quash subpoenas).  "A party's objection that the subpoena issued to the non-party seeks irrelevant information or imposes an undue burden on the non-party are not grounds on which a party has standing to move to quash a subpoenas issued to a non-party, especially where the non-party, itself, has not objected." *G.K. Las Vegas Ltd. Partnership*, 2007 WL 119148 at* 4.  "A party can, however, move for a protective order in regard to a subpoena issued to a non-party if it believes its own interest is jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information." Fed.R.Civ.P. 26(c)(1); *see also First Am. Title Ins. Co. v. Commerce Assocs., LLC*, 2017 WL 53704, at *1 (D. Nev. Jan. 3, 2017).  "When a request is overly broad on its face or when relevancy is not readily apparent . . . the party seeking discovery has the burden to show the relevancy of the request." *McCall v. State Farm Mut. Auto. Ins. Co*., 2017 WL 3174914, at *6 (D. Nev. July 26, 2017) (internal citations omitted).  The Court will now address each of the Rule 45 subpoenas at issue individually.

  For the Rule 45 subpoena issued to the Veteran's Administration for Plaintiff's medical records, Defendants indicate that the objection was not served timely as it was submitted 16 days after the subpoena was served rather than 14 days as required.  (ECF No. 69, p. 13).  Defendants do not certify whether or not they served a copy of this motion on the VA and no objection was filed with the Court by the VA to ascertain its position.  Plaintiff opposes the subpoena because

he claims it is a fishing expedition to seek the entire medical records file from the VA and from his rheumatologist Timothy Kelly; he argues that Defendants are merely speculating there is a connection between the rheumatoid arthritis and the 1991 industrial injury to his lumbar spine. The Court is not persuaded by Plaintiff's objection that Defendants' request for medical records is merely fishing given that they contain pre-accident treatment records regarding injuries that overlap with the ones at issue in this case. Discovery is not intended to permit a party to hide the ball and the Court will permit Defendants to enforce the subpoena to the VA for Plaintiff's medical records as relevant and proportional to the needs of this case.

For the Rule 45 subpoena issued to the SSA for Plaintiff's disability earnings records, Defendants indicate that no objection was made by SSA, but no documents have been produced. (ECF No. 69, p. 7). Plaintiff concedes that his SSA claim was granted based on his 1991 lumbar disc disorder injury, but submitted a letter dated March 4, 2020 opposing the subpoena on relevance grounds. Although the Court is not convinced (and makes no advisory opinion) on the admissibility of SSA disability records, that is a different decision than discoverability. The Court finds the SSA earnings records to be relevant and proportional to the needs of this case on the issue of loss of earning capacity and will enforce the subpoena.

For the Rule 45 subpoenas issued to Desert Funding and Security National Mortgage to produce prior employment records, the Court finds this issue to have already been resolved by its prior Order (ECF No. 65), which required Plaintiff to provide earnings documentation from an employer for the time period of 2016-2017 or produce a signed authorization for Defendants to obtain those records. To the extent that Plaintiff has not yet complied with that Order, then the Court will permit Defendant to enforce a Rule 45 subpoena issued to Desert Funding and a Rule 45 subpoena issued to Security National Mortgage **with the limitation** that it must conform its subpoenas to only request earnings records only from 2016-2017. To be clear, it does not enforce the subpoenas as they were previously issued and Defendants must re-issue with the Court's limitations.

/ / /

/ / /

### b. Motion to Compel/Extend Time (ECF Nos. 70-71)

Defendants seek to move forward with conducting the following depositions: Heather Barcelon, Barbara Barcelon, Shelly Dempsey, Thomas Dunn, M.D., Peter Himpsel, and Tim Kelly. The parties have agreed to conduct the depositions of Heather Barcelon, Barbara Barcelon, and Shelly Dempsey and the Court denies as moot that portion of Defendants' Motion. As for Defendants' request to take the depositions of Plaintiff's two experts, Thomas Dunn and Peter Himpsel, the Court will permit that to go forward. It finds it would be unduly prejudicial to deny Defendants the opportunity to examine Plaintiff's experts. Finally, it will permit the deposition of Tim Kelly to go forward given that the Court is extending discovery. However, it does not condone Defendants unilaterally noticing depositions and will require them to meet and confer to reach an agreement with Plaintiff as to dates and method of deposition i.e. telephonic or video if possible to reduce costs and travel. As such, it will grant that portion of Defendants' Motion and extend time to permit those depositions to be conducted prior to the close of discovery.

Finally, the Court will look on any future motions to compel or discovery disputes with disfavor to the extent that counsel for the parties have not sincerely and in good faith attempted to resolve the dispute. Notably, these issues could have been worked out without court intervention, especially during this time of a global pandemic. In the future, the Court expects the parties to work in good faith to resolve their disputes before motion practice.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendants Albert Leon Harris and Landforce Corporation's Amended Motion to Extend Time (ECF No. 68) is **granted** and the discovery cutoff deadline shall be June 8, 2020 with a dispositive motion deadline of July 8, 2020.

IT IS FURTHER ORDERED that Defendants' Amended Motion to Compel (ECF No. 69) is **granted in part and denied in part** as outlined above.

IT IS FURTHER ORDERED that Defendants' Motion to Extend Time (ECF No. 70) is **granted** and the discovery cutoff deadline shall be June 8, 2020 with a dispositive motion deadline of July 8, 2020.

IT IS FURTHER ORDERED that Defendants' Motion to Compel (ECF No. 71) is **granted in part and found moot in part** as outlined above.

DATED: June 3, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE