LESLIE MARK STOVALL, ESQ.
Nevada Bar No. 2566
ROSS MOYNIHAN, ESQ.
Nevada Bar No. 11848
STOVALL & ASSOCIATES
2301 Palomino Lane
Las Vegas, NV 89107
Telephone: (702) 258-3034
E-service: court@lesstovall.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT BARCELON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LANDFORCE CORPORATION individually; ALBERT LEON HARRIS, individually; DOES I-X; and ROES CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No.:  2:18-cv-01493-GMN-DJA |

## JOINT PRE-TRIAL ORDER

After pretrial proceedings in this case,

IT IS ORDERED:

## I.

## NATURE OF ACTION AND CONTENTIONS OF PARTIES:

**This is an action for negligence:**

In his Complaint [ECF 1], Plaintiff Robert Barcelon contends that on October 5, 2016, he was injured when the vehicle that he was operating and the vehicle owned by Defendant Landforce Corporation and operated by Defendant Harris collided on Highway 70 at milepost 185 in Colorado.

3546216v1

1    Plaintiff alleges that Defendant Harris negligently lost control of the vehicle he

2  was driving resulting in the collision.  Plaintiff alleges that Defendant Landforce

3  negligently entrusted the vehicle to Defendant Harris.

4    In their Answers, Defendants admit that Defendant Harris was Defendant

5  Landforce Corporation's employee in the course and scope of his employment.  [ECF

6  26 and 36]  Defendants deny negligence in the incident.  Defendants contend that

7  Plaintiff has failed to state claims on which relief can be granted, that his injuries, if any,

8  were a result of his own contributory negligence, that his negligence when compared to

9  that of defendant, that Plaintiff failed to mitigate his damages, that the circumstances

10  constituted a sudden emergency and that the accident was unavoidable.

11                                              **II.**

12                              **STATEMENT OF JURISDICTION**

13    Plaintiff alleged diversity of citizenship, 28 U.S.C. §1441.  Plaintiff states in his

14  Complaint that he is a resident of the state of Nevada.  Plaintiff's Complaint alleges that

15  the principle place of business of Defendant Landforce Corporation is Victorville, CA

16  and that the Defendant Harris is a resident of California.  Plaintiff alleges damages in

17  excess of $75,000.00.

18

19                                              **III.**

20                          **THE FOLLOWING FACTS ARE ADMITTED**
                            **BY THE PARTIES AND REQUIRE NO PROOF:**

21    On October 5, 2016, Defendant Landforce Corporation was the owner of a

22  certain International Tractor Trailer operated by Defendant Harris.

23    On October 5, 2016, Defendant Harris was an employee of Defendant Landforce

24  Corporation and was acting in the course and scope of his employment at the time of

25  the subject accident.

26    The subject motor vehicle accident occurred in the State of Colorado.

27

28

3546216v1

The parties have stipulated and the Court has ordered to the dismissal of Plaintiff's claim against Defendant Landforce Corporation that it negligently entrusted its vehicle to Defendant Harris.  [ECF 88].

**IV.**

**THE FOLLOWING FACTS, THOUGH NOT ADMITTED, WILL NOT BE CONTESTED <u>AT TRIAL BY EVIDENCE TO THE CONTRARY</u>:**

N/A

**V.**

**THE FOLLOWING ARE THE ISSUES OF FACT <u>TO BE TRIED AND DETERMINED UPON TRIAL.</u> [EACH ISSUE OF <u>FACT MUST BE STATED SEPARATELY AND IN SPECIFIC TERMS.</u>]**

**PLAINTIFF'S VIEW**

1.      Did defendant Harris breach his duty to operate defendant Landforce's vehicle as a reasonably prudent driver under the same or similar circumstances prior to defendant Landforce's vehicle colliding with plaintiff's vehicle.

2.      Did defendant Landforce breach a duty to sufficiently train, qualify, and supervise Harris in the operation of its vehicle.

3.      Was the plaintiff comparatively negligent in the operation of his vehicle prior to the defendant Landforce's vehicle colliding with the plaintiff's vehicle.

4.      Did defendant Landforce's vehicle collision with the plaintiff's vehicle a proximate and actual cause of physical injury resulting in an aggravation or exacerbation of preexisting lumbar disc disorder.

5.      Was the medical care rendered to plaintiff to treat injury to his low back medically reasonable and necessary and related to the collision.

6.      Was the cost of medical care rendered to plaintiff to treat injury to his low back reasonable and customary within this community.

7.      Did defendant Landforce's vehicle colliding with the plaintiff's vehicle cause physical injury to the plaintiff's middle back/thoracic spine.

3546216v1

8.     Was the medical care rendered to plaintiff to treat injury to his middle back medically reasonable and necessary and related to the collision.

9.     Was the cost of medical care rendered to plaintiff to treat injury to his middle back reasonable and customary within this community.

10.    Did defendant Landforce's vehicle colliding with the plaintiff's vehicle cause physical injury to the plaintiff's neck/cervical spine.

11.    Was the medical care rendered to plaintiff to treat injury to his neck medically reasonable and necessary and related to the collision.

12.    Was the cost of medical care rendered to plaintiff to treat injury to his neck reasonable and customary within this community.

13.    To a reasonable degree of medical probability, will plaintiff require future medical care to his neck/cervical spine as a result of the collision at issue in this case, and what will be the cost of that care.

14.    Did, and to what extent did, the plaintiff suffer past loss of income, future loss of income, and a loss of future earning capacity as a result of the collision at issue in this case and resulting physical injury, to a reasonable degree of probability.

15.    Did, and to what extent did, the plaintiff suffer general damages, specifically past and future pain and suffering as a result of the collision at issue in this case and what is a reasonable sum of money to compensate plaintiff for past and future pain and suffering.

**DEFENDANT'S VIEW**

All facts related to Plaintiff's operation of his vehicle under the circumstances.

Did Plaintiff's operation of his motor vehicle fall below the standard of reasonable care which a reasonable person would use under the same or similar circumstances?

All facts related to Defendant's operation of his vehicle under the circumstance.

Did Defendant's operation of his motor vehicle fall below the standard of reasonable which a reasonably careful person would use under the same or similar circumstances?

3546216v1

1    What percentage of the negligence was the Defendants'?

2    What percentage of the negligence was the Plaintiff's?

3    Did Plaintiff's share of negligence exceed the negligence of Defendant Harris's

4 share of negligence?

5    Was Defendants' negligence, if any, the proximate cause of any of Plaintiff's

6 injures or damages?

7    Was Plaintiff's negligence, if any, the proximate cause of Plaintiff's injures or

8 damages?

9    What medical care did Plaintiff obtain following the subject accident?

10    What if any pre-existing conditions did Plaintiff have at the time of the incidents?

11    What if any of the medical care that Plaintiff obtained following the incidents was

12 necessary because of pre-existing condition(s) of Plaintiff?

13    Did Plaintiff sustain an aggravation to his pre-existing condition(s), if any, as a

14 result of the incidents?

15    What if any of the medical care that Plaintiff obtained following the incident was

16 necessary because of an aggravation to his pre-existing condition(s), if any?

17    What injuries if any did Plaintiff suffer any injury as a result of the incident?

18    What if any of the medical care that Plaintiff obtained following the incident was

19 necessary because of injuries he received in the incident?

20    Did Plaintiff mitigate his damages by obtaining medical care the price of which

21 was reasonable and customary in the community?

22    Did Plaintiff suffer any loss of earnings in the past?

23    Will Plaintiff suffer any loss of earnings in the future?

24    What is the extent, if any, of Plaintiff's past and future damages that are related

25 to the subject motor vehicle accident?

26    Did Plaintiff suffer any non-economic losses in the past?

27    Will Plaintiff suffer any non-economic losses in the future?

28

3546216v1

**VI.**

**THE FOLLOWING ARE THE ISSUES OF LAW TO BE TRIED
AND DETERMINED UPON TRIAL. [EACH ISSUE OF LAW MUST BE STATED
SEPARATELY AND IN SPECIFIC TERMS**

**PLAINTIFF'S VIEW**

1.      Did defendant Landforce have a duty to adequately train and supervise defendant Harris, and ensure that he was adequately experienced to operate a tractor trailer in snowy/icy conditions.

2.      Did defendant Harris have a duty to ensure that he was adequately trained and experienced to operate a tractor trailer in snowy/icy conditions.

3.      Did defendant Harris have a duty to operate the tractor trailer as a reasonable person in the same or similar circumstances.

4.      Is there adequate evidence to support a defense that plaintiff was comparatively negligent.

5.      Did plaintiff have a duty to operate his vehicle as a reasonable person under the same or similar circumstances.

6.      As a matter of law, does the mere existence of ordinary, age-related, and asymptomatic degeneration of the cervical, thoracic, and/or lumbar spine permit the defendants to argue that plaintiff has a "preexisting condition" which is the cause of plaintiff's pain complaints/alleged injuries.

7.      Is there adequate foundation for any of defendants' alternative causation defenses in response to plaintiff's damages claims.

**DEFENDANT'S VIEW**

Will the law of the state of Colorado apply to this incident which occurred on I-70 near Vail Colorado?

What duty, if any, did Defendant Harris owe to Plaintiff regarding the operation of their vehicle?

3546216v1

1   What Duty, if any, did Plaintiff owe to Defendants regarding the operation of his

2   vehicle?

3   When the court applies the comparative fault of Plaintiff as assigned by the jury,

4   does Colorado's comparative fault law, CRS §13-21-111, preclude him from a

5   recovery?

6   When the court applies the comparative fault of Plaintiff as assigned by the jury,

7   to what extent will Colorado's comparative fault law, CRS §13-21-111, reduce the

8   recovery as stated in the verdict?

9                                          VII

10              **THE FOLLOWING ARE EXHIBITS AND OBJECTIONS**

11   **(a)    The following exhibits are stipulated into evidence in this case and may be
        so marked by the clerk:**

12
13      (1) Plaintiff's exhibits.

14          The parties have not reached any stipulation regarding any of Plaintiff's

15          exhibits.

16      (2) Defendant's exhibits.

17          The parties have not reached any stipulation regarding any of Defendant's

18          exhibits.

19   **(b)    As to the following exhibits, the party against whom the same will be
        offered objects to their admission on the grounds stated:**

20
21      **(1)** Set forth the plaintiff's exhibits and objections to them.

22          a)      John Thalgott, MD Medical Records
                    PLTF00008 - PLTF00049

23          b)      John Thalgott, MD Billing Records
                    PLTF00050 - PLTF00051,
24                  PLTF00234

25          c)      SimonMed Imaging Medical Records
26                  PLTF00052 - PLTF00056

27          d)      SimonMed Imaging Billing Records
                    PLTF00057 - PLTF00058
28

3546216v1

1
2

e)   Jackson Physical Therapy Medical Records
     PLTF00059 - PLTF00134

3
4

f)   Jackson Physical Therapy Billing Records
     PLTF00135 - PLTF00139

5
6

g)   Advanced Spine & Pain Center Medical Records
     PLTF00140 - PLTF00151

7
8

h)   Advanced Spine & Pain Center Billing Records
     PLTF00152 - PLTF00153

9

i)   Las Vegas Radiology Medical Records
     PLTF00154 - PLTF00169

10
11

j)   Las Vegas Radiology Billing Records
     PLTF00170 - PLTF00175

12
13

k)   Witold Iglikowski, MD Medical Records
     PLTF00176 - PLTF00181

14

l)   Witold Iglikowski, MD Billing Records
     PLTF00182

15
16
17

m)   Pain Institute of Nevada Medical Records
     PLTF00183 - PLTF00214
     PLTF00245 – PLTF00370

18
19
20

n)   Pain Institute of Nevada Billing Records
     PLTF00215 - PLTF00227
     PLTF00238- PLTF00244
     PLTF00370 - PLTF00379
     PLTF00393 -- PLTF00395

21
22

o)   West Las Vegas Surgery Center Medical Records
     PLTF00228 - PLTF00230

23
24

p)   West Las Vegas Surgery Center Billing Records
     PLTF00230 - PLTF00233

25

q)   Valley View Surgery Center
     PLTF00238

26
27

r)   The Center for Diseases and Surgery of the Spine Medical Records
     PLTF00380 – PLTF00389

28

3546216v1

s)   The Center for Diseases and Surgery of the Spine Billing Records
     PLTF00390 – PLTF00392

t)   Documents evidencing Plaintiff's earnings from Security National
     Mortgage
     PLTF00396 – PLTF00397

u)   Estimate of Record 2009 Dodge Ram 1500 Truck
     BLWM 000006- BLWM 0000015

v)   2009 Dodge Ram 1500 Truck Market Value
     BLWM 000016- BLWM 0000032

w)   Photo of Vehicle Damages 2009 Dodge Ram 1500 Truck
     BLWM 000033- BLWN 0000041

x)   Photo
     LF 00027- LF 00034

y)   Photos of Trailer with police accident exchange information
     LF 00037- LF 00038

z)   Photo of 2009 White Dodge Ram 1500 Truck attached to E-mail
     from Edna Gomez to Yesenia Alvarado
     LF 00040- LF 00048

aa)  Simon Medical Imaging Films for Plaintiff Independent Obtained
     CD SMI 00001

bb)  Stienberg Diagnostic Medical Imaging Films
     for Plaintiff Independently obtained
     CD SDM 00001

cc)  Ten Photographs of Plaintiff's vehicle taken by Heather Barcelon

Defendant objects to the Plaintiff's exhibits as follows:

a)   Defendant objects to all of Plaintiff's proposed exhibits because
Defendant has not been provided a copy of the proposed exhibits to
determine whether they are documents that were produced in compliance
with Plaintiff's Rule 26 obligations and Plaintiff has not served his FRCP
26(a)(3) Disclosure.

b)   Defendant objects to Plaintiff's proposed exhibits because the
records and bills are all hearsay and the records and bills do not qualify for
admission based on any exception to the hearsay rule.

3546216v1

c)      Defendant objects to the introduction of the reports, CVs, Fee Schedules, Testimonial Histories as well as rebuttal reports of any of Plaintiff's retained or non-retained medical experts because they are all hearsay and do not qualify to admission under any exception to that rule.

d)      Defendant objects to the introduction of any deposition transcripts because deposition transcripts and the testimony recorded there are hearsay.  Plaintiff has not taken the steps necessary to qualify to read from the transcripts or to introduce them into evidence.

e)      Defendant objects to the introduction of any exhibits that Plaintiff did not disclosure during discovery and as provided for in F.R.C.P. 37(c)(1)

f)      Defendant objects to the introduction of physical copies of responses to written discovery because they are hearsay and Plaintiff has not laid the foundation to read anything from them into evidence.

**(2)**  Set forth the defendant's exhibits and objections to them.

| | Description | Bate Nos. | Exh. No |
|---|---|---|---|
| 501 | Traffic Accident Report & Statements | **TAR** 000006 | 501 |
| 502 | Center for Disease & Surgery of the Spine | **CFDASOTS** 000003 | 508 |
| 503 | Simon Med Imaging | **SMI** 00001-7 | 509 |
| 504 | Advanced Spine and Pain Center | **ASPC** 00004-5, 10-15 | 520 |
| 505 | Valley View Surgical Center | **VVSC** 00001, 4, 10, 12 | 521 |
| 506 | Pain Institute of Nevada | **PIN** 00003-4, 6-8, 49-51, 61-63, 67, 74, 75-78 | 524 |
| 507 | Jackson Physical Therapy | 000077-79 **(PLTF** 132-134) | 527 |
| 508 | Nevada Comprehensive Pain Center (Coppel) | **NCPC** 00001-2, 00005-0073 | 530 |
| 509 | Thalgott, John, M.D. | **JSTMD,** 00001, 26-27, 36-41, 48-49. | 532 |
| 510 | Lee, Franco, M.D. | **FMLMD,** 00001-4 | 533 |

3546216v1

| | | | | |
|---|---|---|---|---|
| | | | 5-7, 8-12, 13-18, 36-41, 47-52, 75-80 84-132 | |
| | 511 | Employer's Insurance Company of Nevada | **EICON,** 000001, 47-58, 61-75, 84-97, 106, 111-113, 143-146, 153, 157-159 165-172 173, 180, 198, 221-222, 225-238, 241-242 | 551 |
| | 512 | Tax Records | **IRS** 000001-000037 | 560 |
| | 513 | Elite Investigation Videos | **Electronic Evidence** | 579 |
| | 514 | Health Care Partners | **HCP / HCPN** 00001 -2, 72-80, 82-95, 145-156, 314-317, 328, 432-433, 582-586, 611-615 | 580 |
| | 515 | SimonMed Imaging Films | **Electronic Evidence** | 583 |
| | 516 | Acree, W. Benjamin, D.C. | **WBADC** 00001 – 00009 | 585 |
| | 518 | Smiths Food and Drug Center | **SFD** 00001-00015 | 576 |
| | 519 | Hanks, Jeffrey, D.C. | **JHDC** 00001-00023 | 562 |

Plaintiff objects to the exhibits of Defendant as follows:

a.      with respect to 501, this is a traffic accident report and is inadmissible hearsay.

3546216v1

b.      with respect to 502, 503, 504, 505, 506, 507, and 512, plaintiff objects to these documents on authenticity and hearsay grounds. Plaintiff further objects as these selections of medical records appear not to be complete.

c.      with respect to 508, 509, 510, 514, 516, 518, and 519, plaintiff objects to these documents as they are mostly irrelevant to the facts at issue in this case and are offered as a means to confuse the jury and offer unfounded theories of alternative causation. Plaintiff further objects on authenticity and hearsay grounds.

d.      with respect to 513, plaintiff objects as this surveillance was not appropriately disclosed and therefore cannot be permitted as affirmative evidence and should not be permitted as impeachment evidence. Plaintiff further objects on relevancy, authenticity, and hearsay grounds.

(c)     **Electronic evidence: [State whether the parties intent to present electronic evidence for purposes of jury deliberations.**

(1)     Plaintiff intends to present the following electronic evidence for jury deliberations.

(a) SimonMed Medical Films                     CD SMI 00001

(b) Stienberg Diagnostic Medical Imaging       Films CD SDM 00001

(2)     Defendant intends to present the following electronic evidence for jury deliberations:

a)      Surveillance Video of Plaintiff from Elite Investigations. (Exh. 579)

b)      SimonMed Imaging Films (Exh. 583).

(d)     **Depositions:**

**(1)**  Plaintiff will offer the following depositions: [Indicate name of deponent and identify portions to be offered by pages and lines and the party or parties against whom offered.

i)  Name of Deponent                     Albert Leon Harris
ii) Portions to be Offered               All
iii) Party against whom Offered          Defendant

i)   Name of Deponent:                   Barcleon, Barbara
ii) Portions to be Offered:              All
iii) Party against whom Offered:         Defendant

i)  Name of Deponent:                    Barcelon, Heather
ii) Portions to be Offered:              All
iii) Party against whom Offered:         Defendant

3546216v1

i)  Name of Deponent:              Barcelon, Robert
ii) Portions to be Offered:        All
iii) Party against whom Offered:    Defendant

i)  Name of Deponent:              Dempsey, Shelly
ii) Portions to be Offered:        All
iii) Party against whom Offered:    Defendant

i)  Name of Deponent:              Gouker, Joshua
ii) Portions to be Offered:        All
iii) Party against whom Offered     Defendant

**(2)**  Defendant will offer the following depositions: [Indicate name of deponent and identify portions to be offered by pages and lines and the party or parties against who offered.

i)       Name of Deponent:              Barcleon, Barbara
ii)      Portions to be Offered:        All
iii)     Party against whom Offered:    Plaintiff

i)       Name of Deponent:              Barcelon, Heather
ii)      Portions to be Offered:        All
iii)     Party against whom Offered:    Plaintiff

i)       Name of Deponent:              Barcelon, Robert
ii)      Portions to be Offered:        All
iii)     Party against whom Offered:    Plaintiff

i)       Name of Deponent:              Dempsey, Shelly
ii)      Portions to be Offered:        All
iii)     Party against whom Offered:    Plaintiff

i)       Name of Deponent:              Gouker, Joshua
ii)      Portions to be Offered:        All
iii)     Party against whom Offered     Plaintiff

**(e)** Objections to depositions:

**(1)**  Defendant objects to plaintiff's depositions as follows:

Defendant objects to the introduction of the physical transcript of any deposition.  Defendant objects to the introduction into evidence of any testimony from the deposition because the record of testimony is hearsay.  Plaintiff has failed to satisfy the requirements to read into evidence the testimony of any deponent including but not limited to the depositions of witness Albert Leon Harris Enriquez.

JOINT PRE-TRIAL ORDER
- Page 13 of 21 -

**(2)**  Plaintiff objects to defendant's depositions as follows:

Plaintiff generally objects to defense use of deposition transcripts for any purpose other than to appropriately impeach a witness at trial with the transcript of that witness' deposition. Plaintiff further objects because the defendants have not offered the specific portions of the depositions they seek to use and have not indicated the purpose for which they seek to use them.

**VIII.**

**THE FOLLOWING WITNESSES MAY BE CALLED BY THE PARTIES AT TRIAL:**

**(a)**    **Provide names and addresses of plaintiff's witnesses.**

1.    Robert Barcelon
c/o Leslie Mark Stovall, Esq.
Ross Moynihan, Esq.
STOVALL & ASSOCIATES
2301 Palomino Lane
Las Vegas, NV 89107
Ph: (702) 258-3034

2.    Albert Leon Harris
c/o Bauman Loewe Witt & Maxwell, PLLC
Michael C. Mills, Esq.
3650 N. Rancho Dr., Ste. 114
Las Vegas, NV 89130

3.    Landforce Corporation
c/o Bauman Loewe Witt & Maxwell, PLLC
Michael C. Mills, Esq.
3650 N. Rancho Dr., Ste. 114
Las Vegas, NV 89130

4.    Officer Gouker
c/o Colorado State Patrol
District/ Troop 4C Office Location Glnwd
Case Report Number: 8C162841
(970) 945-6198

5.    Heather Cain Barcelon
c/o Leslie Mark Stovall, Esq.
Ross Moynihan, Esq.
STOVALL & ASSOCIATES
2301 Palomino Lane
Las Vegas, NV 89107
Ph: (702) 258-3034

6.    Shelly Dempsey
c/o Leslie Mark Stovall, Esq.
Ross Moynihan, Esq.

3546216v1

STOVALL & ASSOCIATES
2301 Palomino Lane
Las Vegas, NV 89107
Ph: (702) 258-3034

7.     Barbara Barcelon
       c/o Leslie Mark Stovall, Esq.
       Ross Moynihan, Esq.
       STOVALL & ASSOCIATES
       2301 Palomino Lane
       Las Vegas, NV 89107
       Ph: (702) 258-3034

8.     Center for Disease and Surgery of the Spine
       John Thalgott, MD
       600 South Rancho Drive, Suite 107
       Las Vegas, NV 89106
       (702) 878-8370

9.     NRCP 30(b)(6) Representative(s)/Designee(s) and/or
       Custodian of Records
       SimonMed Imaging
       3651 Lindell Rd., Suite #D-698
       Las Vegas, NV 89103
       (480) 551-0264

10.    NRCP 30(b)(6) Representative(s)/Designee(s) and/or
       Custodian of Records
       Jackson Physical Therapy
       4765 S. Durango Dr., Suite 106
       Las Vegas, NV 89147
       (702) 898-7633

11.    Advanced Spine & Pain Center
       Edmund Pasimio, MD
       601 S. Rancho Drive, Suite A-6
       Las Vegas, NV 89106
       (702) 386-0909

12.    Witold Iglikowski, MD
       2800 W. Horizon Ridge Pkwy, Suite 101
       Henderson, NV 89052

13.    Pain Institute of Nevada
       Walter Kidwell, MD.
       7435 W. Azure Drive, Ste 190
       Las Vegas, NV 89130
       (702) 878-8252

14.    Pain Institute of Nevada
       Katherine Travnicek, MD.
       7435 W. Azure Drive, Ste 190
       Las Vegas, NV 89130
       702) 878-8252

3546216v1

15.   NRCP 30(b)(6) Representative(s)/Designee(s) and/or
      Custodian of Records
      West Las Vegas Surgery Center dba Valley View Surgery Center
      1330 S. Valley View Blvd.
      Las Vegas, NV 89102
      (702) 675-4800

16.   Thomas Dunn, M.D
      Desert Orthopedic
      2800 E Desert Inn Rd #100,
      Las Vegas, NV 89121
      (702) 766-7836

17.   Peter M. Himpsel, P.E
      Hamernik & Associates, Lnc
      1711 Perl Street Suite 201
      Boulder, Co 80302
      (303) 449-7942

18.   Chris P. Reyes, MRC, CRC
      Vocational Economics Inc.
      3960 Howaed Hughes Parkway Suite 517
      Las Vegas, Nv 89169
      (702) 664-0077

19.   Terrence M. Clauretie, Ph.D
      217 Palmetto Pointe Drive
      Henmderson, Nv 89012
      (702) 811-9888

**(b)     Provide names and addresses of defendant's witnesses.**

Albert Leon Harris, Defendant
c/o Michael C. Mills, Esq.
Bauman Loewe Witt & Maxwell
3650 N. Rancho Dr., Ste. 114
Las Vegas, NV 89130

Landforce Corporation, Defendant
c/o Michael C. Mills, Esq.
Bauman Loewe Witt & Maxwell
3650 N. Rancho Dr., Ste. 114
Las Vegas, NV 89130
Tamara Rockholt, RN, BSN
Exam Works
11030 White Rock Road, #110
Rancho Cordova, CA  95670
(800) 458-1261

Clive M. Segil, M.D., F.R.C.S., F.A.C.S.
17777 Ventura Blvd. # 230
Encino, CA 91316
(818) 342-5490

1    Andrew Kim, D.O.
     Desert Orthopaedic Center
2    2800 East Desert Inn Road, Suite 100
     Las Vegas, Nevada 89121
3    (702) 562-7880

4    Aubrey A. Corwin, M.S., L.P.C., C.R.C., C.L.C.P.
     Vocational Diagnostics, Inc.
5    3030 N. Central Ave, Suite 603
     Phoenix, AZ 85012
6    (602) 285-0625

7    Officer Gouker
     c/o Colorado State Patrol
8    District/Troop 4C
     Office Location Glenwood
9    Case Report No. 8C162841

10   Robert Barcelon, Plaintiff
     c/o Leslie Mark Stovall, Esq.
11   Stovall & Associates
     2301 Palomino Lane
12   Las Vegas, NV 89107
     Barbara Barcelon
13   c/o Leslie Mark Stovall, Esq.
     Stovall & Associates
14   2301 Palomino Lane
     Las Vegas, NV 89107
15
     Heather Barcelon
16   c/o Leslie Mark Stovall, Esq.
     Stovall & Associates
17   2301 Palomino Lane
     Las Vegas, NV 89107
18
     Shelly Dempsey
19   c/o Leslie Mark Stovall, Esq.
     Stovall & Associates
20   2301 Palomino Lane
     Las Vegas, NV 89107
21
     Center for Disease and Surgery of the Spine,
22   John Thalgott, M.D.
     Person Most Knowledgeable
23   600 S. Rancho Drive, Ste. 107
     Las Vegas, NV 89106
24   (702) 878-8370

25   Jackson Physical Therapy
     Person Most Knowledgeable
26   4765 S. Durango Dr., Ste. 106
     Las Vegas, NV 89147
27   (702) 898-7633

28

JOINT PRE-TRIAL ORDER
- Page 17 of 21 -

3546216v1

Advanced Spine & Pain Center
Edmund Pasimio, M.D.
Person Most Knowledgeable
601 S. Rancho Drive, Suite A-6
Las Vegas, NV 89106
(702) 386-0909

SimonMed Imaging
Person Most Knowledgeable
3651 Lindell Rd., St. D-698
Las Vegas, NV 89103
Phone: 480-551-0264

Pain Institute of Nevada
Dr. Walter Kidwell
Person Most Knowledgeable
7435 W. Azure Dr., Ste. 190
Las Vegas, NV 89130
702.878.8252

West Las Vegas Surgery Center
dba Valley View Surgery Center
aka Canyon Medical Billing
Person Most Knowledgeable
1330 S. Valley View Blvd.
Las Vegas, NV 89102
(702) 675-4600

Nevada Comprehensive Pain Center
Dr. Alain Coppel
Person Most Knowledgeable
9033 W. Sahara Ave.
Las Vegas, NV 89117
702.476.9999

Department of Treasury
Internal Revenue Service
and/or Person Most Knowledgeable
PO Box 9941, Mail Stop 6734
RAIVS Team
Ogden, UT 84409
(202) 622-2000

Franco M. Lee, M.D.
Person Most Knowledgeable
5741 S. Ft. Apache Rd., Ste. 100
Las Vegas, NV 89148
(702) 434-7246

Steven V. Kozmay, M.D.
2851 El Camino Ave., Ste. 101
Las Vegas, NV 89102
(702) 380-3210

Smiths Food and Drug Centers Inc. Pharmacy
c/o Kroger Pharmacy Records Group

3546216v1

1     1014 Vine Street
    Cincinnati, OH 45202
2     (702) 631-6745

3     Stephen Miller, M.D. and/or
    The Person(s) Most Knowledgeable and/or The
4     Custodian of Records for
    Healthcare Partners Nevada LLC,
5     653 N Town Center Drive, Suite 306
    Las Vegas, NV 89144
6     702.852.9000

7     Investigator John Schneider, and/or
    The Person(s) Most Knowledgeable and/or The
8     Custodian of Records for
    ELITE INVESTIGATIONS
9     c/o Bauman Loewe Witt & Maxwell
    3650 North Rancho Drive, Suite 114
10     Las Vegas, Nevada 89130
    (702) 897-8473
11
    W. Benjamin Acree
12     The Person(s) Most Knowledgeable and/or The
    Custodian of Records for
13     101 S. Rainbow Blvd, Ste. B32
    Las Vegas, NV 89145
14     (702) 396-7056

15     Othella Ann Jurani-Suarez, M.D.
    HealthCare Partners Nevada
16     Custodian of Records
    4730 S. Fort Apache Road, Ste. 150
17     Las Vegas, NV 89147
    702.852.9000
18
    Jeffry Hanks, D.C.
19     7720 Cimarron Rd. #150
    Las Vegas, NV 89113
20     702.622.7618

21     Employers Insurance Company of Nevada (EICON)
    Custodian of Records
22     112 N. Curry
    Carson City, NV  89703
23     Phone 702.671.7000

24     Defendant reserves the right to call any witness named by Plaintiff.

25     Defendant reserves the right to call any witness as may be necessary for the

26 purpose of impeachment and/or rebuttal

27     Defendant reserves the right to object to any of Plaintiff's witnesses at the time of

28 trial.

3546216v1

1

**IX.**

**COUNSEL HAVE MET AND HEREWITH SUBMIT**

**A LIST OF THREE (3) AGREED-UPON TRIAL DATES:**

June 7, 2021 – June 15, 2021

June 14, 2021 – June 22, 2021

June 21, 2021 – June 29, 2021

It is expressly understood by the undersigned that the court will set the trial of this matter on one (1) of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's calendar.

**X.**

**It is estimated that the trial herein will take a total of seven (7) trial days.**

APPROVED AS TO FORM AND CONTENT:

Dated this 7th day of August 2020

STOVALL & ASSOCIATES

/s/ Ross Moynihan

LESLIE MARK STOVALL, ESQ.
Nevada Bar No. 3167
ROSS MOYNIHAN, ESQ.
Nevada Bar No. 11848
2301 Palomino Lane
Las Vegas, NV 89107
Phone: 702-258-3034
Fax: 702-258-0093
Attorneys for Plaintiff,
Robert Barcelon

Dated this 7th day of August 2020

BAUMAN LOEWE WITT & MAXWELL, PLLC

/s/ Michael C. Mills

MICHAEL C. MILLS, ESQ.
Nevada Bar No. 003534
3650 N. Rancho Dr., Ste. 114
Las Vegas, NV  89130
Phone: 702-240-6060
Fax: 702-240-4267
Attorneys for Defendants,
Albert Leon Harris
Landforce Corporation

3546216v1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## XI.

## __ACTION BY THE COURT__

This case is set down for jury trial on the fixed/stacked calendar on

June 7, 2021 @ 8:30 a.m.  .   Calendar call shall be held on June 1, 2021 @ 9:00 a.m.

Dated this 11 day of August, 2020.

_____

Gloria M. Navarro, District Judge
United States District Court

JOINT PRE-TRIAL ORDER
- Page 21 of 21 -

3546216v1